IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WIBMER GmbH & CO. KG.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-512-L** |
| | § | |
| **NATIONAL CONVERTING AND FULFILLMENT CORPORATION, NATIONAL CONVERTING & PACKAGING CORPORATION, NATIONAL PACKAGING AND CONVERTING CORPORATION** and **NATIONAL PACKAGING CORP.**, | § § § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' F.R.C.P. 12(b)(6) Motion to Dismiss Claims Against National Converting & Packaging Corporation or, in the Alternative, F.R.C.P. 12(e) Motion for a More Definite Statement (the "Motion"), filed April 6, 2009. After consideration of the Motion, response, briefs, record, and applicable law, the court **denies** Defendants' F.R.C.P. 12(b)(6) Motion to Dismiss Claims Against National Converting & Packaging Corporation or, in the Alternative, F.R.C.P. 12(e) Motion for a More Definite Statement.

**I.     Factual and Procedural Background**

Plaintiff WIBMER GmbH & Co. KG ("WIBMER") filed its Original Complaint ("Complaint") against Defendants National Converting and Fulfillment Corporation ("NCFC"), National Converting & Packaging Corporation ("NCPC"), National Packaging and Converting Corporation ("NPCC"), and National Packaging Corp. ("NPC") (collectively, "Defendants") on

March 17, 2009, in federal district court on grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. WIBMER sought recovery for alleged breach of contract, quantum meruit, and attorney's fees from Defendants. The court ordered the parties to participate in mediation no later than January 18, 2010; the parties are in the process of complying with that order.

WIBMER alleges that it entered into an agreement with NCFC to ship goods to a designated third party in exchange for payments from NCFC. Compl. ¶ 10. WIBMER contends that it made proper shipments to the designated third party between April and June of 2005, but that NCFC ultimately breached the agreement when it failed to pay WIBMER for the goods. *Id.* ¶¶ 11-14. This prompted WIBMER to file a lawsuit against NCFC on January 9, 2006, to collect the amount owed. *Id.* ¶ 19. On May 9, 2006, NCFC filed for bankruptcy protection pursuant to Chapter 11 of the United States Bankruptcy Code along with two of its affiliates, including NPC, therefore staying WIBMER's January 9, 2006, lawsuit. *Id.* ¶ 20. On October 25, 2006, NCFC and its affiliates filed a Reorganization Plan (the "Plan"), approved by the United States Bankruptcy Court on October 27, 2006. *Id.* ¶ 23. WIBMER alleges that the Plan obligated the entities who assumed control of NCFC's assets to make payments to NCFC's creditors, including WIBMER. *Id.* ¶ 24. WIBMER further alleges that Defendants are now the controlling entities of NCFC's assets, and that they are obligated to pay WIBMER $112,419.36 under the Plan. *Id.* ¶¶ 25-26. To date, WIBMER contends that it has only received $2,769.19 of the total amount owed. *Id.* ¶ 27. WIBMER seeks to cure the deficiency through this lawsuit.

**Memorandum Opinion and Order – Page 2**

## II.    Standard for Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.  Analysis

#### A.  Defendants' Motion to Dismiss Claims Against NCPC

In its Motion, NCPC contends that WIBMER has failed to state a claim upon which relief can be granted because the Complaint does not make any specific allegations against NCPC. In addition, NCPC contends that NCFC and NPC filed for bankruptcy protection, but that only NPCC is the Reorganized Debtor, meaning that only NPCC has assumed control of NCFC's assets. NCPC urges that it was not formed until afterward, as a separate legal entity, and does not share the alleged debts of the three other Defendants.

Although it is true that WIBMER does not specifically reference NCPC in making its claims against Defendants in this action, WIBMER does group NCPC with the other Defendants under the title "National Converting Entities" in its Complaint. *See* Compl. at 1 ("[WIBMER] files this Plaintiff's Original Complaint against National Converting and Fulfillment Corporation, *National Converting & Packaging Corporation*, National Packaging and Converting Corporation, and National Packaging Corp. (*collectively the 'National Converting Entities'*) . . . .") (emphasis added). WIBMER alleges that the "National Converting Entities" are in control of NCFC's assets, and are therefore liable to WIBMER for the amount owed under the Plan. *Id.* ¶ 25. The "National Converting Entities" title, as used in WIBMER's Complaint, includes NCPC. It is therefore unnecessary for WIBMER to make allegations against NCPC specifically, when those allegations have already been made against all Defendants (including NCPC) generally.

The court is satisfied that WIBMER has alleged sufficient facts to state a claim upon which relief can be granted. Section I of this memorandum opinion and order summarizes the allegations in WIBMER's Complaint, which demonstrate viable claims for breach of contract and quantum meruit. Although NCPC argues that WIBMER is mistaken about NCPC's role as the Reorganized Debtor, this is an argument better suited in a motion for summary judgment or at trial where competent evidence outside of the pleadings themselves may be considered by the court. In ruling on a motion to dismiss, a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Reliable Consultants*, 517 F.3d at 742. As noted, the court determines that WIBMER's alleged facts are well-pleaded. Accordingly, NCPC's true involvement in this matter is irrelevant as to the court's ruling on this Motion because WIBMER has stated "a claim for relief that is plausible on its face." *Id.* NCPC's motion to dismiss this action is **denied**.

### B.     Defendants' Alternative Motion for More Definite Statement

In the alternative, NCPC requests that the court order WIBMER to replead with a more definite statement, so as to give notice to of the facts WIBMER relies upon in pursuing this action. Rule 12(e) of the Federal Rules of Civil Procedure requires the movant, in a motion for a more definite statement, to "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). NCPC has failed to do this. Instead, NCPC simply requests "notice of the facts relied upon" without pointing out exactly which details of the pleaded facts are deficient. As stated above, the court is satisfied that WIBMER, in its Complaint, has made factual allegations sufficient to support claims for breach of contract and quantum meruit. WIBMER makes these allegations against the "National Converting Entities," which include NCPC. The court therefore determines that NCPC possesses an adequate amount of notice of the facts relied upon to prepare a proper defense in this action. Moreover, these allegations can be further developed through discovery, which the court determines to be the more appropriate vehicle to gather facts in this case. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). NCPC's alternative motion for a more definite statement is **denied.**

### IV.    Conclusion

For the reasons stated herein, the court determines that WIBMER has stated legally cognizable claims for both breach of contract and quantum meruit. Further notice to NCPC of these allegations is unnecessary. The court accordingly **denies** Defendants' F.R.C.P. 12(b)(6) Motion to Dismiss Claims Against National Converting & Packaging Corporation or, in the Alternative, F.R.C.P. 12(e) Motion for a More Definite Statement.

**It is so ordered** this 9th day of October, 2009.

                                          Sam A. Lindsay
                                          United States District Judge

**Memorandum Opinion and Order – Page 7**